

March 27, 2020

**Garett A. Willig**
713.353. 2026  (direct)
Garett.Willig@wilsonelser.com

cm-4147@uscourts.gov and by electronic-filing via CM/ECF
Ms. Susan Gram
Case Manager to Judge George C. Hanks, Jr.
United States District Court for the Southern District of Texas – Houston Division
Bob Casey United States Courthouse
515 Rusk Avenue, Room 5300
Houston, Texas 77002

| | |
|---|---|
| Case: | Civil Action No. 4:18-cv-03271; *Clarence Mackey v. Bank of America, N.A.*; In the United States District Court for the Southern District of Texas, Houston Division |
| File No. | 20343.00090 |

Dear Ms. Gram:

This correspondence is written pursuant to Section 6E, Discovery and Scheduling Disputes of Judge Hanks' Court Procedures, because of a motion practice dispute between Plaintiff Clarence Mackey and Defendant Bank of America, N.A. ("BANA").  The parties hereby request a conference with the court regarding same.

**Nature of Case**

On or about July 25, 2016, Plaintiff Clarence Mackey conducted a cash withdrawal from the BANA Financial Center located at 10200 Broadway Street, Pearland, Texas 77584.  Plaintiff completed his transaction and left the Financial Center without incident.  It is uncontested that he got into his vehicle, exited the Financial Center parking lot and drove away without incident.  He later alleges that he was assaulted and robbed by two men at a location miles from the BANA Financial Center in question.  BANA has denied any liability for Plaintiff's claims of negligence and/or damages, on the basis of (but not limited to) the fact that the assault in question occurred off of BANA's premises and BANA had no legal duty of any kind regarding security to Plaintiff at the time of the assault.

**Procedural History Relevant to Conference**

BANA filed its motion for summary judgment on February 3, 2020, the deadline for dispositive motions.  However, unfamiliarity with the Court' procedures requiring pre-motion conferences caused the motion to be struck.  On February 19, 2020, the court held a conference regarding another discovery dispute in this case, and also advised during this conference for the parties to file this joint letter by March 27, 2020.

BANA now seeks to re-file its motion for summary judgment, as well as a motion to designate the criminal perpetrators who actually assaulted Plaintiff as responsible third parties.  Plaintiff opposes these motions.  For the purposes of brevity, case citations have been omitted and the substance of BANA's motions have been summarized.

909 Fannin Street, Suite 3300 • Houston, Texas 77010 • p 713.353.2000 • f 713.785.7780

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Michigan • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia • Washington, DC • West Palm Beach • White Plains

wilsonelser.com

2835438v.1



**Defendant's Position**

BANA wishes to re-file its summary judgment, which was based on the facts that: (1) BANA owed no duty to Plaintiff under the applicable negligence standard (premises liability) and (2) the statute of limitations on Plaintiff's claim has passed.

a. **Premises Liability** – This is a premises liability case, based on Plaintiff's allegation that BANA, as owner/possessor of the financial center, failed to provide adequate security against criminal conduct. As such, all other theories of negligence are subsumed. Plaintiff was a customer of the bank, and thus would be treated as an invitee.

As the court is aware, the jurisprudence in Texas on premises liability cases is well-established. In specific regard to invitees, a landowner has a duty to make safe or warn against any concealed, unreasonably dangerous conditions of the premises which the landowner is, or reasonably should be, aware but the invitee is not. A landowner has no legal duty to protect an invitee from the criminal acts of a third person, and Plaintiff must demonstrate that the owner had either (1) direct knowledge that the criminal event was imminent or (2) the crime was foreseeable (Timberwalk factors). **However, the elements of a premises liability case, criminal or not, all revolve around the duty of the landowner to warn or protect from defects _on the premises_.** It is unquestioned fact the assault occurred miles away from the Financial Center, and thus there is no duty owed to Plaintiff here.

It is further anticipated that Plaintiff will assert that there is a fact question as to whether or not the crime would have been deterred if BANA stationed a security guard at the front of the Financial Center in question. BANA asserts that this is hypothetical, speculative, and assumes facts not in evidence. The uncontroverted facts are that the Plaintiff entered the premises, made his transaction, left the premises, and then was assaulted miles away. No genuine issue of material fact exists in this regard.

b. **Statute of Limitations** – According to Plaintiff's Original Petition, the incident made the basis of this lawsuit occurred on July 25, 2016. Plaintiff filed his Original Petition on July 25, 2018, which is barely within limitations, but failed to serve BANA until August 14, 2018. Further, Plaintiff first asserted his claim in Brazoria County state court in September of 2016, and sought exhaustive pre-suit discovery for over two years rather than filing suit. As Plaintiff retained counsel and litigated this case for years prior to the limitations deadline, any argument from Plaintiff that they were not able to file and effect service within the statute of limitations is disingenuous.

c. **Responsible Third Party** – BANA seeks to designate the criminal party/parties responsible for Plaintiff alleged assault and robbery. In compliance with CRPC § 33.004, BANA (1) timely identified these criminal parties in response to Plaintiff's requests for disclosure prior to removal, (2) timely identified these criminal parties in its Initial Disclosures subsequent to removal, (3) amended their complaint within 60 days of filing their original answer identifying the criminal parties with as much information as was available to BANA, and (4) it is not 60 days from trial, as no trial date has yet been assigned.



**Plaintiff's Position**

**Opening Statement**

This case is ready to go to trial and is set for the May/June Docket. As reflected in the material submitted, the Bank is prepared to submit its previously rejected Motion for Summary Judgment. In the last conference with the Court, it indicted it would establish a briefing schedule. Plaintiff urges that the Bank be required to file the Motion, which it acknowledges is already prepared, shortly. Plaintiff will reply to that Motion within seven (7) days of filing.

Defendant also states it will file a Motion to Designate Responsible Third Parties. Again, Plaintiff requests that the Bank be required to file the Motion shortly and Plaintiff will file a response within seven (7) days of filing.

By following this procedure, Plaintiff believes this case can tried during the May/June term for which it is scheduled.

**Nature of Case**

The Bank's factual statement of the case is essentially correct. What it does not include, however, is that there is a Bank video of the transaction in which the Plaintiff Clarence Mackey is shown entering and making the withdrawal. Another person enters shortly after him and follows him in the Bank and transacts no business. The video then reveals him leaving the Bank. The Plaintiff has viewed the video and identified this gentleman as one of the two who robbed him sometime later at another business. The actual robbery was also captured on video tape. The robbery is also verified by witnesses and Mr. Mackey. The incident was reported to the Houston Police Department which investigated it but no arrests were made.

This activity involves what is known as "bank jugging." Documents produced by the Bank define it as

> "*[j]ugging* is a tactic whereby suspects target customers who have recently completed, or are suspected to have completed, a transaction from a Financial Centered ATM. Juggers follow customers they believe are in possession of cash, waiting for the opportune moment to rob them directly or burglarize their parked vehicle. **Most incidents occur on non-bank property**...." BANA 000002. (emphasis supplied)

Thus, the Bank is aware of this situation and that it is foreseeable that it may occur and that most incidents occur off Bank property.

The Bank's documents reveal it has efforted to deter the occurrence of jugging. The Bank's documents recommend "Best Practices to Help Mitigate Jugging Attempts on Bank Customers." This document advises Bank employees to tell customers to, among other things, conceal cash. BANA 000002. The Bank's representative presented for deposition acknowledged that the customers were never informed of these guidelines, negligence in and of itself.

The Bank was also asked to produce documents relating to their efforts to combat bank jugging and such revealed that the Bank recommended the presence of professional security guards or off duty police. The Bank's corporate representative acknowledged there was no security in place at the time of this incident.

Finally, the Banks's own records reveal a number of crimes at this location including jugging both before and after this incident. This standing alone gives rise to a duty.



    **a.**    **Plaintiff's theories.**  Defendant's sole defense in this case is that it had no duty. That is not a correct statement of the case as Defendant's own documents reveal that it is was aware of jugging, that it had been the subject of bank jugging, that it was foreseeable and that the actual robbery may occur off Bank premises. That creates a duty.

    Even if there was no duty, the Bank took action as revealed by its own records to deter jugging. Legally, that is either the assumption of a duty or the negligent undertaking of a task. Both theories are supported by amble Texas law and federal court cases sitting in diversity. There is considerable evidence to defeat the summary judgment.

    **b.**    **Statute of Limitations.**  This case was originally brought in Brazoria County pursuant to Rule 202 of the Texas Rules of Civil Procedure to obtain Depositions Before Suit or to Investigate Claims. When Plaintiff decided to file a suit on the merits, on July 6, 2018, he filed a First Amended Petition in the pending action. The Bank's counsel objected taking the position that a new lawsuit had to be filed. Because the law in this area is unclear, and because the statute of limitations expired on July 25, 2018, Plaintiff filed an entirely new lawsuit on July 25, 2018. After that citations were issued and the Bank was served – a total of twenty (20) days.

    The law requires a plaintiff in such a case to exercise diligence in the obtaining of a citation and service. Twenty days is well withing that limit and Plaintiff believes the defense of statute of limitations fails as a matter of law.

    Further, the parties have entered into a Stipulation that will be filed today that allows Plaintiff to designate an expert on this issue and supply a report seven (7) days after the Stipulation is approved by the Court. This will not delay the trial in any manner.

    **c.**    **Responsible Third Party.**  Plaintiff acknowledges that this procedural matter contained in Chapter 33 of the Texas Civil Practice and Remedies Code is correctly applied by federal courts in diversity cases. The provision that applies in this case is Section 33.004(j) which deals with situations in which the identity of the alleged responsible third party is unknown, and is called "Jane Doe" or "John Doe." The Bank has failed to comply with the required procedure to accomplish this. Plaintiff is prepared to supply the Court with ample Texas state cases and federal courts siting in diversity on this issue.

Sincerely,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

*Garett A. Willig*

Garett A. Willig

**THE VENZKE LAW FIRM, P.C.**

*/S/ John P. Venzke*

Cc:    Mr. Ben Harvie
        Mr. Ben Vellela (firm)

