IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE MACKEY | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv 03271 |
| | § | Jury Demanded |
| BANK OF AMERICA, N.A. | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT BANK OF AMERICA, N.A.'S
FIRST AMENDED MOTION FOR SUMMARY JUDGMENT**

          Respectfully submitted,

          **WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

By:   /s/ Garett A. Willig
       Garett A. Willig
       State Bar No. 24066297
       Federal Bar No. 1031029
       garett.willig@wilsonelser.com
       909 Fannin Street, Suite 3300
       Houston, Texas 77010
       713.353.2000 (Telephone)
       713.785.7780 (Fax)

       **ATTORNEY-IN-CHARGE FOR
DEFENDANT BANK OF
AMERICA, N.A.**

## CERTIFICATE OF CONFERENCE

Pursuant to Section 6E, Discovery and Scheduling Disputes of Judge Hanks' Court Procedures, and following a motion practice dispute between Plaintiff Clarence Mackey and Defendant Bank of America, N.A., a teleconference regarding the filing of this motion and the relief sought herein was held on April 1, 2020. During this conference, Plaintiff confirmed to the Court his opposition to this motion. The Court established a soft deadline of April 8, 2020 for Defendant to file this motion, but Defendant was not able to do so until today, April 10, 2020 and requested an extension from the Court to do so. Plaintiff is unopposed to the filing of the motion on April 10, 2020 rather than April 8, 2020, but remains opposed to the motion in all other respects.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this 10th day of April, 2020.

John P. Venzke
**THE VENZKE LAW FIRM, P.C.**
Post Office Box 667485
Houston, Texas 77266

F.B. Harvie, Jr.
**NOVELLI HARVIE & ASSOCIATES, PLLC**
12727 Featherwood, Drive Suite 110
Houston, Texas 77034

/s/ Garett A. Willig
Garett A. Willig

# TABLE OF CONTENTS

| | |
|---|---|
| Cover Page……………………………………………………………… | i |
| Certificate of Conference……………………………………………... | ii |
| Certificate of Service…………………………………………………. | ii |
| Table of Contents……………………………………………………... | iii |
| I. Nature and Statement of Proceeding……………………….......... | 1 |
| II. Summary Judgment Evidence…………………………………….. | 2 |
| III. Factual and Procedural Background………………………………. | 2 |
| IV. Statement of Issues to be Relied Upon…………………………… | 4 |
| V. Summary of Argument…………………………………………….. | 4 |
| VI. Summary Judgment Standard…………………………………….. | 4 |
|     A. Summary Judgment under FRCP 56………………………… | 4 |
|     B. Movant's Burden…………………………………………….. | 5 |
| VII. Argument and Authorities………………………………………….. | 7 |
|     A. Plaintiff's Claim is a Premises Liability Claim/All Other Claims Subsumed…………………………………………… | 7 |
|     B. Duties of the Premises Owner in Criminal Cases……………. | 9 |
|     C. Plaintiff's Claim Fails as a Matter of Law Because BANA Owed No Duty………………………………………………. | 11 |
|     D. Plaintiff's Claims are Barred by the Statute of Limitations……. | 13 |
|     E. Plaintiff's Claims for Punitive Damages are Barred…………… | 14 |
| VIII. Conclusions and Prayer……………………………………………… | 14 |

# DEFENDANT BANK OF AMERICA, N.A.'S
# FIRST AMENDED MOTION FOR SUMMARY JUDGMENT

COME NOW Defendant Bank of America, N.A., and pursuant to Federal Rule of Civil Procedure Rule 56, file this motion for summary judgment, and would show the Court as follows:

## I.
## NATURE AND STAGE OF PROCEEDING

1. This is a premises liability case involving an off-premises assault. Plaintiff Clarence Mackey alleges that he visited a BANA Financial Center in Pearland, Brazoria County, Texas, and made a large cash withdrawal. He left the BANA Financial Center, drove several miles away, and then was assaulted and robbed. Plaintiff has now asserted claims of negligent provision of security at the BANA Financial Center, and seeks damages for lost funds, medical bills, mental anguish and punitive damages.

2. BANA now moves for summary judgment on the grounds that: (1) BANA owed no duty to provide security services to Plaintiff off of BANA's premises and (2) Plaintiff's claim is barred by the applicable two year statute of limitations.

3. This case is not currently set for trial. Docket call is set for May 1, 2020 at 3:00 P.M. Some written discovery has been exchanged, and Defendant's corporate representative has been deposed.

## II.
## SUMMARY JUDGMENT EVIDENCE

Exhibit 1:   Affidavit of Garett A. Willig

    Exhibit 1-A:  Index of Matters Removed

    Exhibit 1-B:  Service Documents

    Exhibit 1-C:  Pleadings

    Exhibit 1-D:  List of Counsel of Record

    Exhibit 1-E:  Mackey Docket Sheet

    Exhibit 1-F:  State Court Orders

    Exhibit 1-G:  Plaintiff's Initial Disclosures

    Exhibit 1-H:  Map

Exhibit 2:   Transcript of Benny Castro, Defendant BANA's Corporate Representative

Defendants BANA respectfully requests this Honorable Court take judicial notice of the pleadings and filings in this matter.

## III.
## FACTUAL AND PROCEDURAL BACKGROUND

4. On July 25, 2016, Plaintiff Clarence Mackey visited the BANA financial center located at 10200 Broadway Street, Pearland, Texas 77584. *See* Plaintiff's Original Petition, Ex. 1-C. Plaintiff made a cash withdrawal of $7,000.00 from the bank teller at this location. *See* Exs. 1-C, 1-G. Plaintiff further alleges that he had an additional $2,000.00 on his person. *See* Exs. 1-C, 1-G. Plaintiff then left the financial center and drove his car from the parking lot, and eventually arrived at the parking lot of Brookside

Equipment Sales, located at 11700 S. Sam Houston Parkway West, Houston, Texas 77031. *See* Ex. 1-G. Using the most direct route between these two locations results in a 14.6 mile trip. *See* Exs. 1-H. Plaintiff alleged that he was assaulted in this parking lot, sustained injuries and theft of the money on his person. *See* Exs. 1-C, 1-G.

5. Plaintiff first asserted this claim with a demand for pre-suit discovery under Cause No. 88100-CV in the 412th Judicial District Court. *See* Exs. 1-F. Plaintiff sought pre-suit discovery only, which was allowed on a limited basis by Judge Denman. *Id.* Plaintiff then filed his Original Petition in the 239th Judicial District Court on July 25, 2018, and served BANA with process of this on August 14, 2018. *See* Exs. 1-B, 1-C. BANA timely answered its Original Answer in state court. *See* Ex. 1-C.

6. Plaintiff asserts claims for negligent provision of security services in the subject financial center. *See* Ex. 1-C. Plaintiff also asserts claims of negligence per se for alleged violations of Bank Protection Act of 1968, 12 U.S.C. 1882, and claims for gross negligence under Texas Civil Practices and Remedies Code § 41.003, both also arising out of the claim for alleged negligent provision of security. *Id.* Plaintiff claims that his damages range between $200,000 and $1,000,000. *Id.*

7. On information and belief, Plaintiff is a resident of the State of Texas. BANA is organized under the laws of the State of Delaware and has its principal place of business in the State of North Carolina. As the parties are of diverse citizenships and the amount in controversy exceeds $75,000, BANA properly removed this case. Plaintiff has filed no motion to remand.

# IV.
# STATEMENT OF ISSUES TO BE RULED UPON

8. BANA now moves for summary judgment on the grounds that: (1) BANA owed no duty to provide security services to Plaintiff off of BANA's premises and (2) Plaintiff's claim is barred by the applicable two year statute of limitations.

# V.
# SUMMARY OF ARGUMENT

9. BANA asserts that Plaintiff's injuries and damages occurred as the result of criminal actions of responsible third parties over whom BANA had no control. Plaintiff's negligence claim for failure to provide security against known criminal activity sounds in premises liability, the jurisprudence of which establishes that the duty owed to invitees extends only to incidents on the premises. The unquestioned facts establish that Plaintiff's incident occurred approximately 14 miles away, in an area where BANA owes no duty to protect, prevent or deter criminal activity. Finally, Plaintiff's counsel failed to use due diligence in serving Defendant with service of process within the statute of limitations of Plaintiff's claims, despite the fact that Plaintiff has had counsel for years prior to filing the instant lawsuit.

# VI.
# SUMMARY JUDGMENT STANDARD

**A.     Summary Judgment under FRCP 56**

10. Federal Rule of Civil Procedure 56 sets forth the procedures governing motions for summary judgment in federal court. Fed. R. Civ. P. 56(a). Rule 56(a) mandates that a court "shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law." *Id.* While federal law governs other procedural issues concerning summary judgment motions, such as evidentiary, timing, and stylistic matters, whether federal or state substantive law applies depends on the underlying basis for the federal court's exercise of subject matter jurisdiction. *See Hon. David Hittner & Lynne Liberato*, Summary Judgments in Texas, 47 S. Tex. L. Rev. 409, 533-6 (2006)(citing Fed. R. Evid. 101 (evidence); Fed. R. Civ. P. 56(e) (sufficiency of affidavits); Fed. R. Civ. P. 56(b), (c) (timing); Fed. R. Civ. P. 7(b) (form). Federal substantive and procedural law governs cases arising under a court's federal question jurisdiction. *Id.* citing 28 U.S.C. § 1331 (2018); Fed. R. Civ. P. 1. In diversity cases, by contrast, applicable state law governs substantive issues and federal law governs procedural issues. *Id.* citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); Cerda v. 2004–EQR1 L.L.C., 612 F.3d 781, 786 (5th Cir. 2010).

**B.  Movant's Burden**

11. Rule 56(a) states that <u>any party</u> may move for summary judgment by identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. Fed. R. Civ. P. 56(a)(emphasis added). When a movant seeks summary judgment on a claim upon which it does not bear the burden of proof, it bears an initial burden under Rule 56(a) to demonstrate the absence of a genuine dispute as to any material fact on the adverse party's claim. *Hitter & Liberato*, 47 S. Tex. L. Rev.

5

at 533-6(citing See Fed. R. Civ. P. 56(a); *In re Crawfish Producers*, 852 F.3d 456, 463 (5th Cir. 2017); *Chambers v. Sears Roebuck & Co*., 428 F. App'x 400, 407 (5th Cir. 2011) (per curiam); *Boudreaux v. Swift Transp. Co*., 402 F.3d 536, 544 (5th Cir. 2005)("party may meet its burden by simply 'pointing to an absence of evidence to support the nonmoving party's case.'" (quoting *Armstrong v. Am. Home Shield Corp*., 333 F.3d 566, 568 (5th Cir. 2003)). The moving party must point out to the court specifically the absence of evidence showing a genuine dispute. *Id.*(citing *Celotex*, 477 U.S. 317, 322-25 (1986); *Cont'l Cas. Co. v. Consol. Graphics, Inc*. 646 F.3d 210, 218 (5th Cir. 2011); *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)("[T]he nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant.'"); *Little v. Liquid Air Corp*, 37 F.3d 1069, 1075–76 (5th Cir. 1994) (per curiam) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)).

12.    To make that showing, the movant must identify the specific issue or issues on which it claims the non-movant has no supporting evidence and demonstrate the absence of such evidence.  *Id.*(citing *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp*., 673 F.3d 399, 407 (5th Cir. 2012); *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 516 (5th Cir. 2010)). In so doing, the movant may: (1) demonstrate the absence of evidence on a crucial element of the opposing party's case; (2) present evidence that disproves some essential element of the opposing party's case (e.g., admissions); *or* (3) rely on the complete absence of proof of an essential element of the non-movant's case. *Id.*(citing *Celotex*, 477 U.S. at 319–2)(emphasis added).

6

13. If the movant satisfies its initial burden, the burden then shifts, and the non-movant must go beyond the pleadings and come forward with specific facts demonstrating that there is a genuine dispute for trial. *Id.*(citing, e.g., *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012)). If the non-movant fails to meet this burden, summary judgment in the movant's favor is appropriate. *Id.*(citing Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322–23; *Tran Enters., LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2011)).

## VII.
## ARGUMENT AND AUTHORITIES

14. As shown below, Defendant BANA asserts that the complete absence of any competent evidence to support one or more of the required elements of Plaintiff's respective negligence claims against BANA demonstrates the absence of a genuine dispute as to any material fact. As such, BANA is entitled to summary judgment.

**A.  Plaintiff's Claim is a Premises Liability Claim / All Other Claims Subsumed**

15. In Texas, a complaint that a property owner failed to provide adequate security against allegedly foreseeable criminal conduct is treated as a premises liability case. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762 (Tex. 2010); *Timberwalk Apts., Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998). Premises liability is based upon an owner or possessor's right to control the premises, and thus have superior knowledge as to potential defects that may exist. *See Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 747 (Tex. 1973) (discussing landowner's "superior position to know of or discover hidden dangerous conditions on his premises"); see also Restatement (Third) of Torts: Liab. For

Physical & Emotional Harm § 51 cmt. t (2012) (addressing landowner's "superior knowledge of the dangerous condition"). In the present case, it is undisputed that BANA was in possession and control of the Pearland, Texas financial center on the day of Plaintiff's incident.

16. It is well established law in Texas that premises defect claims have very specific elements that are much more stringent to prove than general negligence. A premises defect claim cannot be artfully re-plead to avoid the specific elements of this cause of action. The reason for this is that the Supreme Court of Texas has held that "premises-liability principles apply to a property owner who creates a dangerous condition on its property, and that the claim of a person injured by the condition remains a premises-liability claim as to the owner-creator, regardless of how the injured party chooses to plead it." *Occidental Chem Corp,* 478 S.W.3d at 648(citing e.g., *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 57 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd)(emphasis added)("Artful phrasing of the pleadings to encompass alleged design defects or any other theory of negligence does not affect the application of premises liability law.")(emphasis added); accord *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 163-64 (Tex. App.—Dallas 2011, no pet.); *First Fin. Dev. Corp. v. Hughston*, 797 S.W.2d 286, 290-91 (Tex. App.—Corpus Christi 1990, writ denied).

17. The Texas Supreme Court has further held that a plaintiff who refuses to plead and submit the proper charge to the jury plaintiff waives their rights to any recovery. In *Clayton W. Williams, Jr. v. Olivo*, an employee sued a general contractor for damages resulting from an oilfield accident. 952 S.W.2d 523, 1997 Tex. LEXIS 73, 41 Tex. Sup. J.

19, 40 Tex. Sup. J. 887, 137 Oil & Gas Rep. 373. The trial court allowed plaintiff to submit jury charges on elements of a negligence/negligent activity cause of action. Id. at 529. On appeal, the Texas Supreme Court found that the only cause of action available to the plaintiff was for premises liability. *Id*. Further, because the evidence did not support a finding for liability against the underlying defendant under the elements of premises liability, the Court was constrained reverse the trial court judgment in favor of the plaintiff and render judgment in favor of the defendant. Id. at 530-531.

**B.    Duties of the Premises Owner in Criminal Cases**

18.    The duties owed to individuals on a premises vary with regard to their status as an invitee, licensee or trespasser. *United Scaffolding, Inc.*, 537 S.W.3d at 473 (Tex. 2017). An invitee is "one who enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996). A bank customer injured on the premises of the bank is a considered an invitee in the premises liability context. *Hous. Nat'l Bank v. Adair*, 146 Tex. 387, 207 S.W.2d 374 (1948). In the present case, it is undisputed fact that Plaintiff was a BANA account holder and successfully completed a transaction on the day in question at the Pearland financial center.

19.    In specific regard to invitees, a landowner has a duty to make safe or warn against any concealed, unreasonably dangerous conditions of the premises which the landowner is, or reasonably should be, aware but the invitee is not. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d at 202-03. An owner must use reasonable care to protect an invitee from known conditions of the premises that create an unreasonable risk of harm and

conditions that should be discovered by the exercise of reasonable care. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). "However, an owner or occupier "is not an insurer of [a] visitor's safety." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d at 203 (Tex. 2015) (alteration in original) (quoting Del Lago, 307 S.W.3d at 769).

20. A person has no legal duty to protect an invitee from the criminal acts of a third person. *See Timberwalk*, 972 S.W.2d at 756. Rather, a property owner only owes a duty to those who may be harmed by the criminal acts of a third party when the risk of criminal conduct is so great that it is both unreasonable and foreseeable. *See id*. It is well settled that tort liability depends on both the existence of and the violation of a duty. *See Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997). The existence of a duty is a question of law for a court to decide from the facts surrounding the occurrence in question. *See Centeq Reality v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). In regard to the duty of a landowner to protect against injuries arising from criminal activity on its premises, the plaintiff must demonstrate that the owner had either (1) direct knowledge that the criminal event was imminent or (2) the crime was foreseeable.

21. In specific regard to criminal activity on a premises, the *Timberwalk* case sets forth specific factors to determine whether or not a criminal action was foreseeable and the risk was unreasonable: (1) the proximity of previous crimes to the premises, (2) how recently previous crimes occurred, (3) how often previous crimes occurred, (4) the similarity of previous crimes to the crime at issue, and (5) the publicity surrounding previous crimes. *See Timberwalk*, 972 S.W.2d at 756-57.

22. However, the common thread to this well-established line of cases is that the complained-of criminal event giving rise to the underlying plaintiffs' damages **all occurred on the premises**. *See generally Timberwalk*, supra; *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654 (Tex. 1999); *Urena v. W. Invs., Inc.*, 122 S.W.3d 249 (Tex. App.—Houston [1st Dist.] 2003)(all three cases involving residents of defendant apartment complex was sexually assaulted in their apartments by intruders); *see also Del Lago Ptners*, supra (patron of defendant's bar who was seriously injured when a fight broke out among bar customers); *See Xiao Yu Zhong v. Sunblossom Gardens, LLC*, No. 01-08-00470-CV, 2009 Tex. App. LEXIS 3010 (Tex. App.—Houston [1st Dist.] Apr. 30, 2009)(resident was stabbed and robbed after parking his car in the apartment complex); *West v. SMG*, 318 S.W.3d 430 (Tex. App.—Houston [1st Dist.] 2010)(woman injured by thrown bottle while attending concert at defendants venue); *JPMorgan Chase Bank, N.A. v. Borquez*, 481 S.W.3d 255 (Tex. App.—Dallas 2015)(bank owed no duty to provide security to armored car driver killed in parking lot during robbery of ATM machine); *Viera v. Little Caesar Enters.*, No. 01-10-00863-CV, 2011 Tex. App. LEXIS 9872 (Tex. App.—Houston [1st Dist.] Dec. 15, 2011)(restaurant patrons injured during armed robbery). In these cases, the question as to whether the respective underlying defendants owe a duty to provide security to their invitees is only reached because it is unquestioned fact that the defect of which the underlying plaintiffs complain took place on the premises. As shown below, that threshold criteria is not reached, and therefore any Timberwalk analysis to determine a duty for BANA to provide security to prevent Plaintiff's incident is premature.

C. **Plaintiff's Claim Fails as a Matter of Law Because BANA Owed No Duty**

23. In the present case, it is undisputed that BANA was in possession and control of the Pearland, Texas financial center on the day of Plaintiff's incident. *See* Ex 1-C. As such, BANA should be considered an owner/possessor in the context of Plaintiff's premises liability claim. Further, it is also undisputed fact that Plaintiff was a BANA account holder and successfully completed a transaction on the day in question at the Pearland financial center. *See* Ex 1-C. As such, Plaintiff should be considered an invitee in the context of Plaintiff's premises liability claim. Lastly, it is also undisputed fact that the defect/criminal activity complained of by Plaintiff (the assault and robbery): (1) did not occur until Plaintiff had left the BANA location, and (2) did not occur until after Plaintiff had arrived at a secondary location over fourteen miles away. *See* Exs. 1-C, 1-G, 1-H. Plaintiff has not, and cannot, produce any evidence that confirms that criminal activity occurred on the premises of BANA.

24. The general duty of a premises owner is to make safe or warn against any concealed, unreasonably dangerous conditions *of the premises* which the landowner is, or reasonably should be, aware but the invitee is not. As shown above, the unreasonably dangerous condition occurred on the premises of Brookside Equipment Sales, located at 11700 S. Sam Houston Parkway West, Houston, Texas 77031, over fourteen miles away from the BANA Financial Center in question. *See* Exs. 1-C, 1-G, 1-H. As the defect complained of by Plaintiff occurred outside an area of BANA's possession and control, BANA owes no duty to the Plaintiff to warn or make safe from this activity and the *Timberwalk* analysis is premature. *See* Exs. 1-C, 1-G, 1-H. It is patently unreasonable for

a premises owner to be held liable for failing to warn about criminal activity that occurs on property so far removed in distance and time from their possession and control.

25. In addition, it is unclear what actions, if any, Plaintiff could reasonably expect BANA to take <u>while the Plaintiff was on BANA's premises</u>, in order to prevent the incident from occurring. Plaintiff makes no claim of any criminal activity occurring on the premises before his assault, nor is there any evidence of same. *See* Exs. 1-C, 1-G, 1-H. Plaintiff confirms that he completed his transaction with the BANA without interference from unknown criminal parties. *See* Exs. 1-C, 1-G, 1-H. There is no claim or evidence produced to date of any assertion by Plaintiff that he brought a security issue to the attention of any BANA prior to departing the premises, nor does he argue that said concern was ignored, negligently or intentionally. *See* Exs. 1-C, 1-G. It is undisputed that Plaintiff leaves the premises of BANA without issue. *See* Exs. 1-C, 1-G. Based on the foregoing, BANA should be entitled to judgment as a matter of law as to all of Plaintiff's claims, each of which stems from negligence related to this assault and robbery.

**D.     Plaintiff's claims are barred by the Statute of Limitations**

26. Plaintiff has asserted causes of action under the theory of negligence (general negligence, negligence per se and gross negligence). The Texas Civil Practices & Remedies Code establishes that the statute of limitations for negligence claims is two years. According to Plaintiff's Original Petition, the incident made the basis of this lawsuit occurred on July 25, 2016. Plaintiff filed his Original Petition on July 25, 2018, which is within limitations, but failed to serve BANA until August 14, 2018. As such, Plaintiff has

failed to timely bring suit as he has failed to use due diligence to effect service before the end of the limitations period. *See Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009).

**E.    Plaintiff's claims for Punitive Damages are Barred**

27.    In 1995, the Texas Legislature restricted the recovery of exemplary damages from a defendant for injuries caused by the criminal acts of another. *See* Tex. Civ. Prac. & Rem. Code § 41.005.  In order for Plaintiff to recover exemplary damages for the complained-of criminal conduct in this case, he must demonstrate that: (1) BANA is the employer of the person who committed the criminal act, (2) BANA is a criminally responsible party under Texas Penal Code, (3) BANA maintains a common nuisance in violation of the Texas Civil Practices and Remedies Code, or (4) BANA is a landlord who violated Texas Property Code Chapter 92, *Fairfield Ins. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 667 (Tex. 2008).

28.    Plaintiff has not produced any evidence to date, or even asserted in this pleadings, that his criminal assailants are BANA employees.  Plaintiff has not produced any evidence to date, or even asserted in this pleadings, that BANA caused or helped to cause or solicited Plaintiff's criminal assailants, or that BANA maintained a nuisance of any kind.  Plaintiff has not produced any evidence to date, or even asserted in this pleadings, that BANA failed to provide security devices to multi-unit dwellings, as required by Texas Property Code Chapter 92.  As such, Plaintiff's claims for exemplary damages should be barred.

**VIII.
CONCLUSION AND PRAYER**

29. Summary judgment is proper as to all of Plaintiff's causes of action because Plaintiff has no evidence to establish essential elements of his claims against BANA. Namely, Plaintiff lacks evidence that there was a defect upon BANA's premises for which BANA owed Plaintiff a duty to warn or make safe. Plaintiff's claims are also barred by the statute of limitations for Plaintiff's failure to use due diligence to serve Defendant within the statutory period. Finally, Plaintiff has not pled or produced any evidence of the specific and limited criteria necessary for recovery of punitive damages against BANA in a premises claim involving the criminal acts of others.

Accordingly, Defendant Bank of America, N.A. prays that their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 be granted in all respects, that Plaintiff takes nothing from these Defendant, and for such other and further relief to which it may show itself justly entitled, in law or in equity.