United States District Court
Southern District of Texas
**ENTERED**
May 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE MACKEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-3271 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion for Leave to Designate John Doe No. 1 and John Doe No. 2 as Responsible Third Parties. Dkt. 31. Having carefully reviewed the motion, response, all pleadings, the record, and the applicable law, the Court **DENIES** the motion **WITHOUT PREJUDICE** to being refiled at a later date.

### I.     Factual and Procedural Background

This case arises from an alleged "bank jugging."[1] Taking the allegations in the plaintiff's Complaint as true for purposes of this motion, the facts of the case are as follows. On July 25, 2016, Plaintiff Clarence Mackey went into a BANA bank located at 10200 Broadway Street in Pearland, Texas and withdrew $7,000.00 in cash from the bank teller. Dkt. 1-3 at 2. Mackey was also carrying approximately $2,000.00. Dkt. 1-3 at 2–3.

---

[1] The term "bank jugging" is used by law enforcement to describe a type of theft where the perpetrator looks for potential victims withdrawing money from a bank and then follows the victim until an opportunity arises for the perpetrator to steal the money. *See e.g., Alexander v. State*, Crim. Action 01-18-00496, 2019 WL 3121859, at *1 (Tex. App.—Houston [1st Dist.] July 16, 2019, no pet.).

1

Someone followed Mackey as he left the bank and drove fourteen miles away, to the parking lot of Brookside Equipment Sales, located at 11700 South Sam Houston Parkway West, in Houston. Dkt. 1-3 at 2–3; Dkt. 34 at 2–3. As he exited his truck, two men assaulted him and stole all $9,000.00. Mackey recognized one of the assailants as having been in the BANA when he was withdrawing his cash, and he later identified this assailant from BANA surveillance footage. Dkt. 34 at 2–3.

On July 25, 2018 Mackey filed his original petition in in the 239th Judicial District Court of Brazoria County, asserting premises liability claims against BANA. Dkt. 1-3. Mackey claims that his damages were caused by, among other things, BANA's failure to "adopt appropriate security procedures to discourage robberies, burglaries, and larcenies," including having a security guard on duty the day Mackey went to the bank. Dkt. 1-3 at 3.

On September 10, 2018 BANA filed its Original Answer. Dkt. 1-3 at 7. On September 13, 2018, less than 60 days later, BANA filed its First Amended Answer, Affirmative Defenses and Request for Disclosure. Dkt. 1-3 at 11. In this pleading, BANA (1) alleges that Mackey's damages were caused by the acts of individuals not under BANA's control, (2) identifies these individuals as "John Doe 1" and "John Doe 2," (3) sets forth specific factual allegations regarding how the criminal conduct of John Does 1 and 2 caused Mackey's damages, (4) sets forth the available information describing or identifying the unknown assailants, and (5) asserts that John Does 1 and 2 should be designated as responsible third parties in this matter. The pleading provides:

> Affirmative Defenses
>
> . . .
>
> 2. Defendant asserts that the damages made the subject of this litigation, if any, may have been caused by the negligence and/or other conduct of individuals and/or entities that were not under the direction, control and/or supervision of Defendant and for whose actions Defendant is not at law responsible.
>
> 3. Pleading further and in the alternative, Defendant asserts that the damages made of the subject of this litigation, if any, were caused by the criminal acts of two unknown persons, whom Defendant shall refer to as "John Doe 1" and "John Doe 2". These acts were criminal in nature, as Plaintiff has admitted that he left the BANA location in question and was followed, later abducted and beaten. Plaintiff's Original Petition, Section IV, Para. 2. Plaintiff further alleges that John Doe 1 and/or John Doe 2 robbed him of $9,000 as a result. Plaintiff further asserts that: "I'm holding on to this other guy and we all fall out together and rip the shirt off his body . . . . We fought outside the truck." KRPC news article, August 4, 2016, https://www.click2houston.com/news/man-robbed-of-thousands-after-being-followed-from-pearland-bank.
> The news article also contains a surveillance video still, which appears to depict John Doe 1 and John Doe 2 as two African American males wearing dark clothing. *See id.* Defendant asserts that John Doe 1 and John Doe 2 should be designated as responsible third parties in this matter and will timely file a motion to do so.

Dkt. 1-3 at 11–12.

On the same day, BANA removed this action to this Court, invoking the Court's diversity jurisdiction to hear this matter. Dkt. 1 at 2–3.

On January 23, 2019 BANA filed its Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(f). Dkt. 9. In it, BANA identifies John Does 1 and 2 as the criminal assailants responsible for Mackey's damages. The pleading provides:

3

> Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i)
> The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.
>
> ******
> John Doe No. 1
> Address unknown
> Telephone unknown
>
> And
>
> John Doe No. 2
> Address unknown
> Telephone unknown
>
> Subject of information: Criminal assailants of Plaintiff who are persons responsible for Plaintiff's alleged damages.[2]

Dkt. 9 at 1, 3.

On January 24, 2019, the Court issued a scheduling order setting the deadline to amend pleadings on April 1, 2019. On April 1, 2019, BANA timely filed its First Amended Answer in this Court. Dkt. 12. In this answer, BANA again alleges that Mackey's damages were caused by the acts of individuals not under BANA's control. Dkt. 12 at 5. The answer also asserts that, under Texas Civil Practices & Remedies Code § 33.001, *et seq.*, BANA is entitled to the submission of a question to the factfinder regarding the liability of "responsible parties or persons" for Mackey's damages. Dkt. 12 at 6. BANA did not, however, reassert the specific factual allegations from its previous

---

[2] To date, BANA has not filed an amended disclosure.

4

answer, regarding the conduct of the two unknown "John Doe" assailants and their potential liability for Mackey's damages.

On April 10, 2020, BANA filed its Motion for Leave to Designate Responsible Criminal Third Parties. Dkt. 31. In this motion BANA seeks to have the two unknown assailants designated as responsible third parties in this action pursuant to Texas Civil Practice and Remedies Code Section 33.004(j). BANA asserts that it complied with the requirements of this statute by filing, within 60 days of the filing of its original answer, an amended answer with specific factual allegation regarding the "John Does" and their potential liability to Mackey.

In response, Mackey asserts that the motion should be denied as "untimely" under Section 33.004(j) of the Texas Civil Practice and Remedies Code. Mackey argues that (1) the specific factual pleadings regarding the two John Doe assailants required by Section 33.004(j) to grant this motion are missing from BANA's operative answer, and (2) Section 33.004(j) bars BANA from now amending its answer to include these facts over 60 days after the original answer was filed.[3]

## II.   Analysis

Texas Civil Practice and Remedies Code section 33.004(j) sets forth the rule for designating unknown persons who have committed criminal acts as responsible third parties. This statute prescribes specific factual allegations that must be made in a

---

[3] At the pre-motion conference on BANA's request to file its motion to designate responsible third parties held on April 1, 2020, BANA's counsel stated that his failure to re-assert these factual allegations in its operative answer was the result of a mistake.

defendant's answer, and the time for making these allegations, before a motion to designate can be granted. The statute provides in pertinent part:

> (j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
>
> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>
> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. Code § 33.004(j).

As courts have noted, this pleading standard is designed to give the plaintiff fair notice that the defendant intends to assert that the plaintiff's injuries were caused by an unknown criminal. *See In re Unitec Elevator Services Co.*, 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding).

The Court agrees, in part, with Mackey's arguments that BANA's motion must be denied. BANA's factual allegations regarding the two John Doe assailants are missing from BANA's operative answer. Under the pleading requirements of Section 33.004(j), BANA's motion to designate cannot be granted based on the allegations contained in BANA's operative answer.

But this is not the end of the Court's inquiry. Section 33.004(j) is silent as to whether, as Mackey argues here, a defendant is barred from *reasserting* specific factual allegations regarding unknown criminal responsible third parties first asserted within sixty days of the original answer's filing, but later omitted from the operative answer. The Court has not found any caselaw addressing this issue. The cases Mackey cites in support of his argument that Section 33.004(j) bars BANA from now filing an amended answer under these circumstances are factually distinguishable. In each of the cited cases where the court denied defendants leave to amend their answer or designate an unknown criminal responsible third party, the defendant *never* filed an amended answer within sixty days of filing the original answer that complied with the pleading requirements of Section 33.004(j). *See In re Echols*, 569 S.W.3d 776, 779 (Tex. App.—Dallas 2018, orig. proceeding [mand. denied]) (defendant failed to plead identities of responsible third parties within sixty days); *Mesina v. Walgreen's*, Civ. Action 15-54, 2015 WL 2151854, at *2 (W.D. Tex. May 7, 2015) (similar); *Unitec*, 178 S.W.3d at 61 (similar). That is clearly not the case here. It is undisputed that BANA's September 13, 2018 answer was timely under Section 33.004(j) and alleged facts sufficient to comply with the statute's pleading requirements.

The state-law deadline for filing a motion for leave to designate responsible third parties is a procedural requirement that does not govern the timeliness of such a motion in federal court. *See, e.g., Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Instead, the timeliness of the motion is governed by the scheduling

order mandated by Federal Rule of Civil Procedure 16(b). *See Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, Civ. Action H-08-1774, 2011 WL 5920930, at *3 (S.D. Tex. Nov. 28, 2011) (Rosenthal, J.) (collecting authorities).

Accordingly, the Court finds that, under the facts of this case, the question whether BANA is now barred from amending its answer to reassert factual allegations contained in its earlier answer is a procedural matter and must be resolved by reference to Federal Rules of Civil Procedure 16(b) and 15. *See Gifford v. Wichita Falls & So. Ry. Co.*, 224 F.2d 374 (5th Cir. 1955) (holding that amendment to pleadings is a procedural matter governed by federal law); *see also Klein v. Fed. Ins. Co.*, Civ. Action 03-102, 2014 WL 239652, *4 (N.D. Tex. 2014) (holding that, while "mere inadvertence" is not sufficient to show good cause for leave to amend, good cause sufficient to justify the modification of a scheduling order varies with the specific facts of each case). Instead, the timeliness of the motion is governed by the scheduling order mandated by Federal Rule of Civil Procedure 16(b). *See, e.g., Udoewa v. Plus4 Credit Union*, Civ. Action H-08-3054, 2010 WL 1169963, at *1 (S.D. Tex. Mar. 23, 2010) (applying Rule 15 and 16 to decide whether to grant leave to amend pleading after deadline).

### III. Conclusion

There is currently no motion for leave to file an amended answer before the Court, and the parties' briefing does not address this issue. Accordingly, BANA's motion to designate is **DENIED WITHOUT PREJUDICE** to being refiled after BANA has filed a motion for leave to amend its answer. BANA is given leave to file its motion for leave to

amend without the need for a pre-motion conference. The motion must be filed no later than June 5, 2020.

SIGNED at Houston, Texas, this 29th day of May, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE