UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE MACKEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-3271 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion for Leave to Amend Pleadings. Dkt. 60. After carefully reviewing the motion, response, all pleadings, the record, and the applicable law, the Court **GRANTS** the motion.

### I.      Factual and Procedural Background

The relevant background to this suit can be found in the Court's Memorandum and Order entered on May 29, 2020. Dkt. 59. In that Order, the Court denied BANA's motion for leave to designate responsible criminal third parties without prejudice to BANA moving for leave to amend its answer. Dkt. 59.

On June 5, 2020, BANA filed its Motion for Leave to File Amended Pleadings pursuant to the Federal Rules of Civil Procedure. Dkt. 60. In this motion, BANA seeks to file an amended answer reasserting the specific allegations regarding the two unknown assailants it claims should be designated as responsible third parties in this action pursuant to Texas Civil Practice and Remedies Code Section 33.004(j). BANA concedes that the docket control order's deadline for amending pleadings has passed but contends

1

that good cause warrants modifying the docket control order to permit it to amend its answer. Dkt. 60 at 3–4. It asserts that its failure to reassert these factual allegations in its operative answer was not intentional, but was rather the result of a mistake, and that amending its answer now will not prejudice Mackey.

In response, Mackey asserts that the motion should be denied because allowing BANA to amend its answer over 60 days after BANA filed its original answer in state court would "undermine" substantive Texas law regarding responsible third parties under Texas Civil Practice and Remedies Code section 33.004(j). Dkt. 61 at 5. Mackey also argues that the motion should be denied because BANA has not shown good cause for amending its pleadings after the deadline. Dkt. 61 at 3–4.

## II.    Applicable Legal Standards

The Court's analysis of BANA's motion to file an amended answer does not involve any considerations of Texas substantive law. Texas Civil Practice and Remedies Code section 33.004(j) is silent on the issue whether, under the facts of this case, BANA's motion for leave to amend should be denied. *See* Dkt. 59 at 6–7.[1] Even if the statute provided a deadline for amended pleadings, such deadlines would be procedural requirements that would not govern a motion to amend pleadings filed in federal court.

---

[1] Mackey cites an opinion from the Southern District of Texas for the proposition that the deadlines imposed by Section 33.004(j) should control the outcome of BANA's motion. Dkt. 61 at 5–6 (citing *Fisher v. Halliburton*, Civ. Action 05-1731, 2009 WL 1098457, at *5 (S.D. Tex. Apr. 23, 2009)). The Court finds that this opinion is not controlling on the facts of this case. In that case, unlike here, the movant had never adequately identified the responsible third parties. *See id.* (finding that allegation—that "the deaths or injuries were the result of the actions of third parties, whose conduct constitutes and [sic] intervening and superceding [sic] cause"—was insufficient "in every respect").

2

*See, e.g., Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, Civ. Action H-08-1774, 2011 WL 5920930, at *2 (S.D. Tex. Nov. 28, 2011) (Rosenthal, J.) (collecting authorities). Accordingly, the question whether BANA should be permitted to amend its answer to reassert factual allegations contained in its earlier answer is a procedural matter and must be resolved by reference to the Court's scheduling order and Federal Rules of Civil Procedure 15 and 16(b). *See Gifford v. Wichita Falls & So. Ry. Co.*, 224 F.2d 374, 376 (5th Cir. 1955) (holding that amendment to pleadings is a procedural matter governed by federal law); *Udoewa v. Plus4 Credit Union*, Civ. Action H-08-3054, 2010 WL 1169963, at *1 (S.D. Tex. Mar. 23, 2010) (applying Rule 15 and 16 to decide whether to grant leave to amend pleading after deadline).

Federal Rule of Civil Procedure 16(b) governs requests to amend pleadings made after the deadline set in the scheduling order. *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). What constitutes good cause sufficient to modify a scheduling order necessarily varies with the circumstances of each case. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (3d ed.). In deciding whether to allow an untimely amendment, the Court considers (1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure

3

such prejudice. *S & W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Once good cause under Rule 16(b) is shown, Rule 15(a) governs. Under Rule 15(a), courts "should freely give leave when justice so requires," and leave "should be granted absent some justification for refusal." *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). The "liberal amendment policy" underlying Rule 15(a) affords the Court "broad discretion" whether to grant leave. *Id.* Accordingly, a motion for leave to amend should be granted unless there is "undue delay," "bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," or "undue prejudice to the opposing party" from allowing amendment. *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III.   Analysis**

On January 24, 2019, the Court set the deadline to amend pleadings on April 1, 2019. BANA moved for leave to amend after that deadline, so Rule 16(b) governs. The Court finds that BANA has shown good cause to modify the scheduling order under Rule 16(b), and that BANA's requested amendment should be allowed under Rule 15(a).

The Court finds BANA has adequately explained its failure to timely move for leave to amend. Inadvertence alone is insufficient to constitute good cause under Rule 16. *See Delgado v. City of El Campo,* 68 F.3d 471, *2 (5th Cir. 1995). But the "good cause" standard of Rule 16 "focuses on the diligence of the party seeking the modification to the scheduling order." *Klein v. Fed. Ins. Co.*, Civ. Action 03-102, 2014 WL 239652, at *4 (N.D. Tex. Jan. 22, 2014). The record reflects that BANA has been diligent in attempting

4

to comply with Court-ordered deadlines. BANA only omitted specific factual allegations regarding the unknown third-party defendants when attempting to comply with the Court's pleading deadlines by replacing its state-court answer with an answer under the Federal Rules of Civil Procedure, clarifying its defenses and specifically denying Mackey's allegations. The requested amended answer in this case seeks the same result. *See id.* (granting a motion to amend pleading because "plaintiffs have shown that they have been diligent in pursuing discovery in this case in an apparent attempt to narrow [defendant]'s affirmative defenses and counterclaims before moving for summary judgment.").

The remaining three factors also weigh heavily in favor of allowing the amendment. The requested amendment is important, because it allows the jury to consider the liability of all parties who may be responsible for Mackey's injuries. Preventing the amendment might lead a fact-finder to assess greater liability against the named parties than warranted.

Next, Mackey is not unfairly prejudiced by this amendment. Since BANA filed its state court answer, Mackey has been on notice that BANA considered unnamed criminal actors responsible for his injuries. BANA also identified the unnamed criminal actors as potentially responsible third parties in its initial disclosures, which have been on file for over two years.

Finally, the record reflects no need for further discovery or continuance to cure any prejudice to Mackey from allowing BANA to amend its pleadings. All available

5

information regarding the robbery has been exchanged in discovery, and the criminal actors are still at large and cannot be deposed.

For all of these same reasons, leave to amend should also be granted under Rule 15. The Court finds no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, or undue prejudice to Mackey from allowing amendment.

BANA is not moving shortly before trial to amend to add new defenses or new legal theories, but rather simply to reassert specific factual allegations supporting defenses that it pleaded from the beginning and which, when BANA filed an amended answer, it inadvertently omitted. Again, BANA has never abandoned these factual assertions in its discovery filings. "Under these exceptional circumstances, the Court finds that the interests of justice would not be served by prohibiting an amendment that simply corrects [BANA's] oversight and that good cause has been shown to allow the amendment." *Joseph v. Univ. of Texas Med. Branch at Galveston*, Civ. Action H-03-5402, 2006 WL 8445257, at *2 (S.D. Tex. Mar. 27, 2006) (Werlein, J.).

## IV.  Conclusion

BANA's Motion for Leave to Amend Pleadings (Dkt. 60) is **GRANTED.** BANA may file an amended answer by **Thursday, August 27, 2020**.

SIGNED at Houston, Texas, this 20th day of August, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

6